# EXHIBIT A



## CONSULATE GENERAL OF JAPAN
PHIPPS TOWER
3438 PEACHTREE ROAD, SUITE 850
ATLANTA, GEORGIA 30326

September 07, 2017

C/20/17

The Honorable Andrew K Dye
Representative
Trelleborg Coated Systems US, Inc.
715 Railroad Avenue
Rutherfordton, NC 28139

Subject: Delivery of Certificate for Your Legal Documents of Case Number:
2017(wa) No. 19280 of Tokyo District Court

Dear Mr. Dye

In accordance with instructions from the Ministry of Foreign Affairs in Tokyo, Japan, we are herewith forwarding the above-mentioned documents to you by FedEx Express Number: 7702 0195 6987.

If you have any inquiries, contact Tokyo District Court in Japan directly.

Please send "Receipt of legal documents" with your signature to Consulate General of Japan in Atlanta.

Thank you for your attention to this matter.

Sincerely yours,

Yasuhiko Sugita
Consul

ENCL.

在アトランタ日本国総領事館　殿
(To: The Consulate General of Japan in Atlanta)

民事訴訟関係書類の受領書
(Receipt of legal documents)

貴館より交付された民事訴訟関係書類を下記の通り FedEx 便(7702 0195 6987)で受領いたしました。
(I have received legal documents by FedEx Express, No. 7702 0195 6987.)

記

1. 受領書類 (Documents)

東京地方裁判所　平成２９年（ワ）第１９２８０号に関する書類
(Case: 2017(wa) No. 19280 of Tokyo District Court)

1. 受領年月日 ( the date and the month of receipt)
   平成２９　年　　　月　　　日
   　　　　　　　　(month)　(date)

　　　　　　　　　　　　受領者署名_____
　　　　　　　　　　　　(Recipient's Signature)
　　　　　　　　　　　　Full Name in Print:_____
　　　　　　　　　　　　住所：
　　　　　　　　　　　　(Address)

　　　　　　　　　　　　(Phone Number):

　　　　　　　　　　　　受送達者との関係_____
(Please describe the relation if the recipient is not The Honorable Andrew K Dye Representative of Trelleborg Coated Systems US, Inc.)

# COMPLAINT

June 9, 2017

To Civil Division of Tokyo District Court

      Procedural attorney for the Plaintiff
          Counsel   Hiroyuki Ohno

      The same as above
          Patent Attorney   Seiichi Sakatani

      Assistant for the above attorneys
          Patent Attorney   Masashi Kurose

Indication of the parties
    As described in a separate sheet of a list of the parties.

Case demanding a declaratory judgement to confirm non-existence of the right to demand an injunction based on the patent right
Value of the subject matter of the lawsuit    JPY 212, 537, 500
Stamp duty                             JPY 659, 000

1

## OBJECT OF CLAIM

The Plaintiff demands judgement that:

1. Concerning acts of the Plaintiff of producing, assigning, exporting or offering for assignment of products described in a separate sheet of a list of the objects, it is confirmed and declared that the Defendant does not have the right to demand an injunction, the right to claim compensation for damages, or the right to claim the surrender of unjustified enrichment, to the Plaintiff based on Patent No. 5213523.
2. The Defendant bears the lawsuit costs.

## STATEMENT OF CLAIM

The 1st   The Parties

1. The Plaintiff is a stock company which is commercially manufacturing, selling, etc., fastening, building material, fastening processing machinery and building material processing machinery.
2. The Defendant is a stock company which commercially coats surfaces of various textures with polymer composition.

The 2nd   Patent Right of Defendant

1. The Defendant is a patentee of Patent No. 5213523 shown below (hereinafter, referred to as "present patent"; this patent right is referred to as "present patent right") (Exhibit A1).

2

| | |
|---|---|
| [Patent number] | Patent No. 5213523 |
| [Priority date] | September 25, 1998 |
| [Original filing date] | September 24, 1999 |
| [Filing date] | May 26, 2008 |
| [Registration date] | March 8, 2013 |
| [Title of the invention] | Water resistant slide fastener and process for preparing same |

2 The present patent right includes the following inventions (Exhibit A2).

(1) The invention described in claim 1 (hereinafter, referred to as "present first invention")

"Claim 1

A method for preparing a water resistant slide fastener,

the water resistant slide fastener having: a pair of stringer tapes each having first and second opposed surfaces and each having a series of gripper elements positioned along edges of the first surface, the pair of stringer tapes having a first parting line between the stringer tapes; and a water resistant layer on the second surface, the pair of stringer tapes being arranged in parallel and having inner edges adjacent to the series of gripper elements,

wherein the slide fastener is

produced, in the following order, by:

bonding, laminating, transfer coating or transfer laminating the water resistant layer as a solid sheet on the second surface so as to cover the inner edges and the gripper elements while the gripper elements of the pair of stringer tapes are engaged;

bonding the water resistant layer to the stringer tapes with an adhesion of at least about 6 lb/in (0.107 kg/mm); and

cutting the solid sheet along a second parting line which is arranged in parallel and coincident with the first parting line."

Claims 2 to 11 are claims depending on the present first invention.

(2) The invention described in claim 12 (hereinafter, referred to as "present second invention")

"Claim 12

A water resistant slide fastener manufactured by the method according to any one of claims 1 to 11, the water resistant slide fastener having: a pair of stringer tapes each having first and second opposed surfaces and each having a series of gripper elements positioned along edges of the first surface, the pair of stringer tapes having a first parting line between the stringer tapes; and a water resistant layer on the second surface, wherein the pair of stringer tapes is arranged in parallel and has inner edges adjacent to the series of gripper elements and wherein the water resistant layer is located on the second surface and covers the inner edges and the gripper elements, wherein:

the water resistant layer has an adhesion of at least about 6 lb/in (0.107kg/mm) with respect to the stringer tapes and has a second parting line;

the second parting line is arranged in parallel and coincident with the first parting line; and

a surface of the water resistant layer which is opposed to the second surface is parallel to the second surface, and the gripper elements of the pair of stringer tapes are engaged."

Claims 13 to 25 are claims depending on the present second invention.

Claims 26 and 27 are claims reciting the present second invention.

The 3rd    Acts of Plaintiff, etc.

The Plaintiff is producing, assigning and exporting, or offering for assignment of products described in the separate sheet of the list of the objects (hereinafter, referred to as "Plaintiff's products").

The 4th    Non-Infringement

The Plaintiff's products are not within the technical scope of the present second invention, and the process for manufacturing the Plaintiff's products (hereinafter, referred to as "Plaintiff's manufacturing method") is not within the technical scope of the present first invention.  Accordingly, acts of producing, assigning and exporting the Plaintiff's products, and of offering for assignment of the Plaintiff's products do not constitute infringement of the present patent right.

The 5th    Burden of assertion and proof

In the lawsuit requesting declaratory judgement for non-existence of the right to demand an injunction etc. based on patent right infringement, the Defendant who is a patentee bears the burden of assertion and proof of the facts of patent right infringement.  Accordingly, also in the present case, first, the Defendant should assert the specific constituent features of the Plaintiff's products and the Plaintiff's manufacturing process.

In addition, the Plaintiff is prepared to explain in detail that the Plaintiff's products and the Plaintiff's manufacturing process are not within

the technical scope of the inventions of the present patent right, in response to the assertions from the Defendant.

The 6th  Background information

In the US, the Defendant and another company brought the lawsuit against the Plaintiff in US New York State District Court (hereinafter called "US court") ( AU New Haven, LLC et al. v. YKK Corporation, 1:15-cv-3411-GHW, hereinafter, the lawsuit in the US is referred to as "present US lawsuit") .

The Defendant asserts a US patent right infringement by the Plaintiff based on US patent right US 6,105,214 (hereinafter, referred to as "US patent" [1]) in the US Court, and at the same time, demands the Plaintiff paying damages, on the basis of the breach of the license agreement in other countries than US including Japan regarding patents associated with US patent (Exhibit A3-1, item 27) . Further, the Defendant asserted clearly in the amended complaint (Exhibit A3-2, items 39 and 56a) filed on February 22, 2016 that the Plaintiff manufactures and sells products included in the specific claims in the present patent.

Based on the Defendant's assertion in the present US lawsuit, the Plaintiff filed a request for invalidation trial against the present patent. Then, the Defendant submitted written petition (Exhibit A4) that the present second invention is manufactured by the manufacturing process of the present first invention, and an advance notice of a trial decision that the patent is maintained on the premise that the present second invention is

---

[1] The present patent claims the priority based on US patent.

limited to the manufacturing process was issued (Exhibit A5, pages 65-66).

Based on the Defendant's assertion in the present US lawsuit, the US court also has important concern regarding the invalidation trial of the present patent, and requested submission of information concerning the progress of the invalidation trial in Japan (Exhibit A6). In response thereto, the Defendant submitted the document that shows the United States claims in suit correspond to those found valid in the invalidation trial for the present patent[2] (Exhibit A6).

The Plaintiff's products are manufactured in Japan, sold in Japan and exported from Japan by the Plaintiff, who is a Japanese company. The large amount of production and sales of the products, which are object in the present US lawsuit, are occupied by the products which are manufactured in Japan, sold in Japan and exported from Japan. The amount of products which are exported to other countries than US is very large. Thus, it is very useful result for the important part in the US law suit when the Plaintiff can obtain the result that the Plaintiff's products are not within the technical scope of the present patent.

The Plaintiff and the Defendant have the disputes about the breach of the license agreement in US, thus there is a risk for the Plaintiff that the Defendant seek an injunction and a damage claim based on the present patent against the Plaintiff.

For the above reasons, the Plaintiff seeks in the present lawsuit the

---

[2] Based on these Defendant's assertions, it is very useful result when the Plaintiff's products are not within the technical scopes of each of claims in the present patent.

declaratory judgement to confirm that the Plaintiff's products are not within the technical scope of the present first and second inventions, as a result, the Plaintiff's products do not belong to the technical scope of each invention of the present patent. When the Plaintiff confirm this matter, the Plaintiff can confirm the breach of the license agreement in Japan does not exist and can inform the result to the US court[3].

The 7th   Conclusion

Under the foregoing circumstances, the Plaintiff brought the present lawsuit, seeking judgement described in object of claim.

That is all.

MEANS OF EVIDENCE

As described in a separate sheet of description of evidence.

ATTACHED DOCUMENTS

1 Written complaint (Duplicate Copy)                    Pentapartite

2 Description of evidence

---

[3] Taking the progress in the present US law suit into consideration, the Plaintiff would like to obtain this result as soon as possible.

8

| | |
|---|---|
| 3 Exhibits A (Duplicate Copy) | Pentapartite |
| 4 Certificate of qualification (Plaintiff) | Unipartite |
| 5 Certificate of qualification (Defendant) | To follow |
| 6 Written authorization for lawsuit | Unipartite |
| 7 Certification of specific infringement lawsuits counsel | |
| 8 Appointment of Counselor | |
| 9 Petition (Calculation of amount in controversy) | |

(Separate sheet)

List of the Parties

〒101-8642   1, Kandaizumi-cho, Chiyoda-ku, Tokyo

　　　　　　Plaintiff　　　YKK Corporation

　　　　　　Representative director representing the above Plaintiff

　　　　　　Hiroaki Otani


〒100-0005   1-6-5 Marunouchi, Chiyoda-ku, Tokyo

　　　　　　Marunouchi Kitaguchi Building 21F (in Marunouchi OAZO)

　　　　　　Legal   professional   corporation    OHNO  &  PARTNERS

(Place of service)

　　　　　　Tel No.　　　　(03)5218-2331

　　　　　　Fax No.　　　　(03)5218-2332

　　　　　　Procedural attorney for the Plaintiff

　　　　　　　　　　　　　　Counsel　　　Hiroyuki Ohno

　　　　　　The same as above　　Patent attorney　　Seiichi Sakatani


〒186-0005   3-3-47 Nishi, Kunitachi-shi, Tokyo

　　　　　　Tel No.　　　　(090)1709-6503

　　　　　　Assistant for the above attorneys　　　Masashi Kurose


　　　　　　790 Reeves Street Spartanburg, South Carolina 29301-USA

　　　　　　Defendant　　Trelleborg Coated Systems

　　　　　　　　　　　　　US, Incorporated

(Separate sheet)

## List of the Plaintiff's products

1   Product name : AQUAGUARD 5CNT8
2   Product name : AQUAGUARD 5CNT9
3   Product name : AQUAGUARD 5CNT10
4   Product name : AQUAGUARD 3CFT8
5   Product name : AQUAGUARD 3CFT10

Case Number: 2017(wa) No.19280

Date: August 8, 2017

To: Trelleborg Coated Systems US, Incorporated
    Representative   Andrew K Dye

The 29th Department of Civil Division
Tokyo District Court

Court Clerk: Takashi Misonou

<u>Summons and Request for Submission of Answer</u>

Plaintiff, YKK Corporation, filed a complaint against you to this Court.

In respect of the above-mentioned case, it was decided that the oral pleading would take place at 10:00 a.m., November 15th, 2017 and at 10:00 a.m., December 11th, 2017.  You are hereby required to attend at the Civil Court Room No. 421 (4th floor) of this Court.

In addition, you are required to submit an answer to the complaint attached, in duplicate, by November 8th.

If you fail to file an answer to the complaint and appear at this court, the judgment in which you would be deemed to have admitted the statement of claim may be taken.

(Please present this Summons to this court when you appear.)

---

The location of the Court: 1-1-4, Kasumigaseki, Chiyoda-ku, Tokyo