USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/08/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AU NEW HAVEN, LLC and TRELLEBORG COATED SYSTEMS US, INC.,

                           Plaintiffs,

                 -v -

YKK CORPORATION, YKK HONG KONG LTD., YKK FASTENING PRODUCTS SALES INC., SHANGHAI YKK ZIPPER CO., LTD., SHANGHAI YKK TRADING CO., LTD., YKK CANADA INC., YKK TAIWAN CO., LTD., P.T. YKK ZIPPER INDONESIA, YKK BANGLADESH PTE. LTD., YKK KOREA CO., LTD., YKK FRANCE SARL, DALIAN YKK ZIPPER CO., LTD., YKK VIETNAM CO., LTD., YKK DEUTSCHLAND GMBH, YKK (THAILAND) CO., LTD., YKK (U.K.) LTD., YKK ZIPPER (SHENZHEN) CO., LTD., YKK AUSTRIA GMBH, YKK ITALIA S.P.A., OOO YKK a/k/a YKK RUSSIA, YKK METAL VE PLASTIK URUNLERI SANAYI VE TICARET A.S., and YKK (U.S.A.) INC.,

                           Defendants.
------------------------------------------------------------------X

1:15-cv-3411-GHW

MEMORANDUM OPINION AND ORDER

GREGORY H. WOODS, United States District Judge:

      In an Opinion and Order dated March 19, 2019, Magistrate Judge Netburn granted in part and denied in part Plaintiffs' and Defendants' motions to exclude portions of each other's experts' reports. Dkt. No. 419. Both Plaintiffs and Defendants have filed objections to various portions of Judge Netburn's order. Dkt. Nos. 436, 437. The Court now overrules those objections.

      A magistrate judge's order as to a non-dispositive motion may be set aside only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "An order is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Frydman v. Verschleiser*, No. 14 Civ. 5903, 2017 WL 1155919, at *2 (S.D.N.Y.

Mar. 27, 2017) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Thompson v. Keane*, No. 95 Civ. 2442 (SHS), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)).

Subject to the clarifications noted below, the Court finds that Judge Netburn's opinion is not clearly erroneous or contrary to law. As Judge Netburn repeatedly noted, the vast majority of the issues raised in the parties' objections relate to the weight of the evidence, not its admissibility.

However, two points of clarification regarding Judge Netburn's order are necessary. First, the Court notes that both parties have raised objections to Judge Netburn's conclusions regarding certain portions of their adversaries' damages experts' opinions relating to breach of contract damages. Because the Court has granted summary judgment to Defendants on Plaintiffs' breach of contract claims, those objections are moot to the extent that they relate only to calculations of breach of contract damages and have no bearing on the interpretation of the scope of the license granted by Uretek to YKK Corp. under the Exclusive License Agreement.[1]

The Court also notes that in their original motion before Judge Netburn, Plaintiffs moved to exclude certain paragraphs from the report of Defendants' damages expert Lauren Kindler where she recalculates Plaintiffs' breach of contract damages by adopting Plaintiffs' expert's methodology, but assumes that the term "high end outerwear" as used in the Exclusive License Agreement is limited to outerwear sold in North America. Plaintiffs' Memorandum of Law in Support of Motion to Exclude Certain Expert Opinions, Dkt. No. 365, at 12. The stated basis for this measure of

---

[1] These objections include: (1) Plaintiffs' objections to Judge Netburn's finding that Defendants' damages expert could testify regarding her recalculation of Plaintiffs' breach of contract damages using "the assumption that only YKK's Accused Zippers sold in North America could be considered as part of the High End Outerwear Excluded Market," Plaintiffs' Objections to Opinion and Order, Dkt. No. 436 ("Pls. Obj."), at 4-5; (2) Plaintiffs' objection to Judge Netburn's finding that Defendants' damages expert could offer an opinion regarding a hypothetical royalty rate as a form of breach of contract damages, Pls. Obj. at 8-9; and (3) Defendants' objections regarding Judge Netburn's refusal to exclude Plaintiffs' damages expert's opinions on lost profit breach of contract damages after October 2014, Defendants' Objections to Opinion and Order on Parties' Motions to Exclude Expert Testimony, Dkt. No. 437 ("Defs. Obj."), at 11-12.

2

damages is deposition testimony from Akinobu Shibata, a YKK official, where he claimed that he understood high end outerwear to mean "garments that are made in North America, in Canada and/or United States in a niche market or a luxury market." Rebuttal Expert Report of Lauren R. Kindler, Dkt. No. 365-2, at 18 n.74. Judge Netburn declined to exclude Ms. Kindler's testimony because she found that "[t]here is a dispute of material fact over the meaning of the phrase 'high end outerwear.'" Dkt. No. 419 at 35. To the extent that Judge Netburn's opinion can be read to support the admissibility of evidence suggesting that the parties intended to include a contractual term modifying the phrase "high end outerwear," with a geographic restriction, the Court declines to endorse that position at this juncture.

The second point of clarification relates to Defendants' argument that Judge Netburn's opinion applied the wrong legal standard in declining to exclude Plaintiffs' expert David W. Cockrell's opinions regarding the meaning of the term "high end outerwear." Defs. Obj. at 3-7. Defendants claim that Judge Netburn erred in finding that Rule 702's "reliability" requirement does not apply to expert testimony on industry custom and practice. *Id.* at 3.

The Court interprets Judge Netburn's opinion not as stating that a court need not consider Rule 702's "reliability" requirement when determining the admissibility of expert testimony regarding industry understanding, but instead that—in order to demonstrate reliability—"an expert must show how his or her experience . . . led to his conclusion or provided a basis for his opinion." *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Properties, LLC*, 467 F.3d 107, 132 (2d Cir. 2006). Cockrell's report states that he has "approximately 25 years of experience in the water resistant outerwear industry as a designer, creative director, and brand manager" and that his experience spans "all market segments." Expert Report of David W. Cockrell, Dkt. No. 368-1, at ¶ 3. He offers his opinions on the characteristics which define "high end outerwear," and provides details about how the industry tests for those characteristics. *Id.* at ¶¶ 6-17.

3

Defendants' claim that Cockrell's testimony is not sufficiently reliable to be admitted under Rule 702 rests largely on his alleged 50% error rate in classifying garments. But there is no clear error in Judge Netburn's refusal to find that the results of Defendants' "test" of Cockrell's methodology—which Plaintiffs note was based on ten non-randomly selected garments out of the thousands considered as part of Cockrell's analysis—automatically render Cockrell's opinions unreliable as a matter of law. Under these circumstances, the Court cannot find that Judge Netburn's conclusion that Cockrell's experience formed a sufficient basis for his opinions was clearly erroneous or contrary to law.

The Court has considered all of the remaining arguments raised by the parties. To the extent not specifically addressed, the arguments are without merit. The parties' objections to Judge Netburn's March 19, 2019 Opinion and Order are overruled in their entirety.

SO ORDERED.

Dated: July 8, 2019
New York, New York

GREGORY H. WOODS
United States District Judge