USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AU NEW HAVEN, LLC and TRELLEBORG
COATED SYSTEMS US, INC.,

                            Plaintiffs,

                        -v -

YKK CORPORATION, YKK HONG KONG
LTD., YKK FASTENING PRODUCTS SALES
INC., SHANGHAI YKK ZIPPER CO., LTD.,
SHANGHAI YKK TRADING CO., LTD., YKK
CANADA INC., YKK TAIWAN CO., LTD., P.T.
YKK ZIPPER INDONESIA, YKK
BANGLADESH PTE. LTD., YKK KOREA CO.,
LTD., YKK FRANCE SARL, DALIAN YKK
ZIPPER CO., LTD., YKK VIETNAM CO.,
LTD., YKK DEUTSCHLAND GMBH, YKK
(THAILAND) CO., LTD., YKK (U.K.) LTD.,
YKK ZIPPER (SHENZHEN) CO., LTD., YKK
AUSTRIA GMBH, YKK ITALIA S.P.A., OOO
YKK a/k/a YKK RUSSIA, YKK METAL VE
PLASTIK URUNLERI SANAYI VE TICARET
A.S., and YKK (U.S.A.) INC.

                            Defendants.
-------------------------------------------------------------X

1:15-cv-3411-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

    Trial in this matter is adjourned to June 15, 2020 to permit further briefing regarding the substantive issues raised by the parties' pre-trial submissions. Based on its evaluation of Defendants' Motion in Limine No. 10, Dkt. No. 500, and Motion to Dismiss under Fed. R. Civ. P. 16, Dkt. No. 507, as well as the parties' arguments during the telephone conference held on December 19, 2019, the Court concludes that the resolution of the issues raised by Defendants' motions before trial is

necessary to properly define the scope of the claims to be presented at trial and to preserve the time and resources of the parties, the Court, and the members of the jury.

Defendants failed to raise these issues in their prior summary judgment briefing. However, that failure is justified in these circumstances for two principal reasons. First, the issues raised by Defendants evolved from the Court's decision in the summary judgment decision, and what may be the evolution of Plaintiffs' theory of damages following that decision. Second—and relatedly—Defendants have argued that Plaintiffs failed to timely disclose their theory of damages for their Lanham Act and Connecticut Unfair Trade Practices Act ("CUTPA") claims. Defendants argued that they were prejudiced by Plaintiffs' arguably inadequate disclosures in part because they were unable to file summary judgment motions to test Plaintiffs' Lanham Act and CUTPA claims. The Court has concluded that it is more appropriate to remedy the prejudice associated with Plaintiffs' allegedly inadequate disclosure by permitting the foregone summary judgment briefing, rather than the more stringent sanction of excluding Plaintiffs' damages evidence entirely.

The Court's decision is also informed by the fact that, although Defendants did not raise these issues in their previous summary judgment motion, they would not be precluded from raising them in the context of a motion under Fed. R. Civ. P. 50 after the close of evidence. To the extent that the issues raised by Defendants' motions may significantly affect the scope and structure of the trial, the Court concludes a pre-trial resolution of the issues presented is preferable to resolution after the close of evidence. However, a motion in limine or a Rule 16 motion is not a proper vehicle by which to resolve these issues, which require reference to a factual record. A motion for summary judgment under Fed. R. Civ. P. 56 is the appropriate mechanism to allow resolution of these issues before trial. The Court therefore concludes that there is good cause to extend the deadlines for motions for summary judgment to allow Defendants the opportunity to raise the issues presented by

their pre-trial motions in a form which will permit resolution by the Court.  *See, e.g.*, *Madison Consultants v. Fed. Deposit Ins. Corp.*, 710 F.2d 57, 62 n.3 (2d Cir. 1983) (a district court has discretion to amend the Rule 16 scheduling order when "the interests of justice make such a course desirable").

Accordingly, the jury trial currently scheduled to proceed on January 13, 2020 is adjourned to June 15, 2020 at 9:00 a.m.  The final pre-trial conference currently scheduled for January 3, 2020 is adjourned to May 28, 2020 at 10:00 a.m.  Defendants are granted leave to present the arguments raised by their Motion in Limine No. 10 and Rule 16 Motion, as well as any arguments regarding the extraterritorial application of the Lanham Act or CUTPA, in the form of a renewed motion for summary judgment by no later than January 8, 2020.  If Defendants file such a motion, Plaintiffs' opposition is due no later than January 24, 2020.  Defendants' reply is due no later than January 31, 2020.  These motions must fully comply with all of the requirements for a standard Rule 56 motion.  The Court intends to resolve Defendants' motion as promptly as is practicable after it is fully submitted so as not to necessitate any further delays of the trial date.  Accordingly, the Court does not expect to entertain any requests for an extension of this briefing schedule absent a significant justification.

To the extent that issues of foreign law remain in this case following the Court's resolution of Defendants' renewed motion for summary judgment, the Court expects that it will require the parties to submit memoranda of law setting forth their views of the applicable foreign law, together with English translations of the foreign legal precedent that supports their positions, as well as proposed jury instructions for any charges that involve issues of foreign law.  The parties are directed to write the Court jointly within one week of the Court's decision on Defendants' renewed motion for summary judgment setting forth their respective positions regarding the foreign law issues remaining in the case.  The Court expects that it will schedule a conference shortly after

3

resolution of the summary judgment motion to discuss any remaining scheduling issues to be addressed before trial.

SO ORDERED.

Dated: December 20, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge