UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AU NEW HAVEN, LLC, and TRELLEBORG COATED SYSTEMS US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> YKK CORPORATION, et al., <br><br> Defendants. | Civil Action No. 15-CV-03411 (GHW) |

**YKK'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 15 TO LIMIT TESTIMONY OF EXPERT JAMES DONOHUE BEFORE THE JURY**

YKK's Motion is timely and rests upon an assessment of the case as it stands after the Court's most recent summary judgment order and a careful evaluation of whether Plaintiffs' expert's, Mr. James J. Donohue's, opinions correlate to the current scope of the case. YKK could not have brought this motion earlier. Plaintiffs' Opposition rests on factual misrepresentations and misplaced legal conclusions. None of Plaintiffs' arguments, however, addresses the core issues with Mr. Donohue's expected damages testimony.

**A.  Defendants' Motion is in Response to the July, 2020 Decision of the Court Narrowing Plaintiffs' Claims From Six to Two and Thus is Timely**

Plaintiffs direct a significant portion of their Opposition to the assertion that the present motion is untimely. Dkt. 682 at 1-5. But despite their protestations to the contrary, YKK's motion carefully follows the Court's guidance allowing "supplementary motions *in limine* arising from the Court's July 30, 2020 summary judgment decision." Dkt. 625 at 3. Specifically, the Court's summary judgment decision (as well as Plaintiffs' subsequent decision to further restrict their case to seeking damages related to the Japanese and Taiwanese patents) significantly narrowed the

1

scope of this case.  An analysis of the Court's ruling, and an evaluation of the current narrowed scope of the case, shows that Mr. Donohue's damages opinion simply is untethered from the Plaintiffs' remaining claims.  Indeed, it cannot be gainsaid that the case as it now stands is fundamentally different from the case before the Court's July 30, 2020 Summary Judgment Order (the "Order"):  Prior to the Order, the scope of the case was much broader; as described by Mr. Donohue in his Report, "Plaintiffs' claims include patent infringement, breach of contract, false and deceptive advertising, and unfair and/or deceptive trade practices [under CUTPA]." Dkt. 368-3 ¶ 4.  Plaintiffs' Lanham Act claim was based on four alleged categories of statements at that time. Dkt. 611 at 16.

Plaintiffs' claims have been substantially narrowed.  Plaintiffs no longer have any breach of contract claims.  Likewise, the Court dismissed Plaintiffs' CUTPA claim and further dismissed Plaintiffs' claims under the Lanham Act with respect to three of the four alleged statements, allowing one lone statement to survive.  *Id*.  Accordingly, following the Order, Plaintiffs' claims are solely for patent infringement and a winnowed down Lanham Act claim—a marked difference from the state of play pre-July 30, 2020.

In addition to the Court's narrowing of Plaintiffs' claims, Plaintiffs themselves further narrowed the scope of their remaining claims.  At the August 24, 2020 conference, Plaintiffs' counsel stated, for the first time, "***In view of your Honor's decisions on the summary judgment motions***, we believe that since the contract issues will no longer be tried, that the only foreign laws that are applicable would be Taiwan and Japan. . . . The issue to be tried is whether the scope of the Taiwan and Japanese patents is the same or essentially the same as the scope of the U.S. patent." Tr. of Aug. 24, 2020 Hr'g at 17:6-13 (emphasis added).  By Plaintiffs' own admission, the Order materially changed the scope of the litigation and caused Plaintiffs to narrow their remaining

2

claims. However, Mr. Donohue's opinion has not changed by a penny in response to the Court's July 30, 2020 Order and Plaintiffs' limitation to Japan and Taiwan.

Accordingly, YKK could not have brought its motion prior to the Court's most recent summary judgment decision. The scope of the case now is materially different than when Mr. Donohue provided his opinions and the exact thrust of YKK's motion is the disconnect between the case that will be tried and Donohue's report. Plaintiffs try to twist the fact that YKK's motion "relies entirely on the face of Donohue's June 2017 expert report and the alleged substance of his September 20, 2017 deposition testimony." Dkt. 682 at 4. But this only proves YKK's point: Mr. Donohue's Report from June 2017 and his deposition testimony from September 2017 remain exactly the same despite the fact that the case now is far narrower than it was then. His damages opinion remains the same whether Plaintiffs have six broad claims implicating many foreign jurisdictions or only two remaining narrow ones, implicating just Japan and Taiwan. And because Mr. Donohue's opinions are general, unchanging and unallocated to any of Plaintiffs' claims, it does not fairly put YKK on notice as to why he contends that the remaining claims still merit the same measure of alleged damages. Plaintiffs did not have to provide such an opaque and unallocated damages opinion, and they bore the risk that by doing so, if the scope of the case changed (as it did), then Mr. Donohue's opinions no longer would correlate to the case as it stands. Plaintiffs could have specifically attributed damages and provided alleged support for why certain damages flow from its various alleged claims, but they did not. That is what prompts this motion, whose premise did not exist before the Court's Order this past July.

### B.  YKK's Motion Is A Motion *In Limine*

Rather than respond to YKK's motion *in limine*, Plaintiffs unilaterally (and incorrectly) brand it either a summary judgment motion or a *Daubert* motion. Dkt. 682 at 5. YKK's motion is neither. "The purpose of a motion *in limine* is to allow a court to rule on the admissibility of

3

potential evidence in advance of trial." *Snyder v. Wells Fargo Bank, N.A.*, No. 11 CIV. 4496 (SAS), 2012 WL 4876938, at *1 (S.D.N.Y. Oct. 15, 2012); *cf. United Realty Advisors, LP v. Verschleiser*, No. 14-CV-5903 (JGK), 2019 WL 5285043, at *1 (S.D.N.Y. Oct. 3, 2019) ("The motion *in limine* is plainly improper. It does not specify any evidence that the plaintiffs seek to preclude and does not explain how granting the motion would change the evidence at trial in any way."). YKK's motion asks the Court to limit Mr. Donohue's anticipated testimony on damages because it is "speculative, unhelpful to the jury, prejudicial and irrelevant." Dkt. 649 at 11. The motion requests limits on specific evidence—Mr. Donohue's damages testimony, including his total damages number—and, unlike a summary judgment motion, does not seek disposition of any claim at issue.

### C. The Court Should Limit Mr. Donohue's Baseless Damages Testimony

Plaintiffs' Opposition does nothing to refute that Mr. Donohue does not provide any basis in the record linking his damages opinions to those YKK customers, if any, who received the remaining Lanham Act statement, and were allegedly confused into purchasing YKK-laminated zippers rather than those laminated by Plaintiffs. Mr. Donohue could have attempted to link his damages numbers to Plaintiffs' specific claims and specific YKK customers so that his damages number could be linked to changes in the claims or evidence, but he and Plaintiffs made the decision to keep the numbers vague and untethered from either claims or customers. In doing so, Plaintiffs and Mr. Donohue assumed a risk—namely, the risk that the contours of the litigation would shift and narrow and thereby reveal that Mr. Donohue's expected opinion has no foundation in the record linking the remaining Lanham Act statement and any specific lost profits allegedly caused by that statement. Although Plaintiffs' claims have materially changed, Mr. Donohue's damages number has <u>not</u> changed, and he has failed to supplement his Report. *Sandata Techs., Inc. v. Infocrossing, Inc.*, No. 05 CIV. 09546 (LMM) (THK), 2007 WL 4157163, at *4 (S.D.N.Y.

4

Nov. 16, 2007) (duty to supplement arises when "the expert subsequently learns of information that was previously unknown or unavailable, that renders information previously provided in an initial report inaccurate or misleading because it was incomplete"). To the contrary, Mr. Donohue acknowledged that his damages have no specific connection to Plaintiffs' original Lanham Act claim; therefore they cannot possibly have any tether to the sole remaining statement that remains in the case. *See* Dkt. 368-9 at 201:6-19. As such, Mr. Donohue has not considered, accounted for, or assessed the case as it stands today or the resulting impact on his damages calculations. This is the heart of YKK's motion—which Plaintiffs fail even to address.

Instead, Plaintiffs spend their Opposition on their own concocted strawman, treating YKK's motion as a motion for "summary judgment," complete with lengthy analysis of the purportedly disputed facts in the record. Dkt. 682 at 7-18. But YKK's motion does not seek summary judgment or disposal of Plaintiffs' claims. Plaintiffs' arguments are therefore not only completely off the mark, but also misstate the factual record and the law on presumption of consumer confusion. Plaintiffs' claim, for example, that YKK has "conceded" that "injury and consumer confusion may be presumed 'where the parties are direct competitors in a two-player market, and where literal falsity and willful, deliberate deception have been proved,'" and that such concession has "thereby shift[ed] to YKK the burden to prove lack of actual deception." Dkt. 682 at 7 (citing Dkt. 584 at 12).

First, this says nothing about whether Mr. Donohue is allowed to present opinions now completely disconnected from Plaintiffs' current claims. Assertions regarding the burdens of proof do not change the fact that Mr. Donohue seeks to offer affirmative testimony regarding damages based on a case that no longer exists. Second, this is wrong and misleading. YKK, in its Reply in Support of Summary Judgment, did cite *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247 (2d Cir.

2014) for its holding on the presumption of harm and customer confusion, but stated clearly that *Merck* "actually establishes that no presumption can carry Plaintiffs' evidentiary burden" because this presumption "does not apply under the law of this case." Dkt. 584 at 12.  Plaintiffs' arguments on causation and damages all flow from their unproven and incorrect assertions that this case involves: (1) a two-player market; (2) a literally false statement; and (3) willful, deliberate deception.  *See* Dkt. 682 at 7-11 (collecting cases, all of which rely on the same three factual underpinnings of two-player market, literally false statements, and deliberate deception).  In fact, the Court has already held that the YKK statement at issue for the Lanham Act claim is "not literally false."[1]  Dkt. 425 at 35.  Ignoring this, Plaintiffs incorrectly argue that YKK "does not claim (and has not filed any motion claiming) a lack of evidence sufficient to prove each of these prerequisites to the application of this presumption." Dkt. 682 at 8.  This is again wrong and also an attempt to improperly shift the burden of proof to YKK, which is squarely contrary to the Second Circuit's holding in *Merck*.  *See Merck* 760 F.3d at 256 (holding it is plaintiff's burden to prove prerequisites for presumption of customer confusion).  Plaintiffs' statement is false because, in the very briefing Plaintiffs cite in their Opposition as a "concession," YKK pointed out that there is "no record evidence" supporting the notions that this was a two-player market or that YKK's challenged statements were willfully deceptive.  Dkt. 584 at 12.

Neither Plaintiffs nor Mr. Donohue have offered any evidence with which to connect the sole remaining Lanham Act statement to either the 12 YKK Discovery Customers or the 3,000+ undifferentiated YKK customers.  Plaintiffs seek to improperly present the jury with Mr.

---

[1] In an effort to muddy the waters, Plaintiffs cite this Court's finding that a jury could view the challenged statements as "objectively baseless," Dkt. 682 at 8 n.7, but ignore the Court's belief "that the 'objectively baseless' standard and 'falsity' under the Lanham Act are terms whose meanings are not coterminous," Dkt. 611 at 15 n.7.

Donohue's "maximum damages" number, which relies on treating both types of customers as having been harmed by receipt of and reaction to the sole remaining statement, while pointing to nothing in the record to support that assumption. Plaintiffs do not begin to address that fatal shortfall. Mr. Donohue's unsupported damages number should not reach the jury. The Court should grant YKK's motion to limit the damages opinions and testimony of Mr. James J. Donohue in this case.

Dated:  November 13, 2020            Respectfully submitted,

By:   */s/ Steven Cherny*
Steven Cherny
Harvey J. Wolkoff
Deborah K. Brown
Brian P. Biddinger
Kate Cassidy
Owen F. Roberts
QUINN EMANUEL URQUHART
  & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849-8700
Fax: (212) 849-7100
stevencherny@quinnemanuel.com
harveywolkoff@quinnemanuel.com
deborahbrown@quinnemanuel.com
brianbiddinger@quinnemanuel.com
katecassidy@quinnemanuel.com
owenroberts@quinnemanuel.com

Russell A. Korn
Michael A. Bertelson
Amanda N. Brouillette
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE Suite 2800
Atlanta, Georgia 30309-4528
Tel.: (404) 815-6500
Fax: (404) 815-6555
rkorn@kilpatricktownsend.com
mbertelson@kilpatricktownsend.com
abrouillette@kilpatricktownsend.com

*Attorneys for Defendants*