UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| AU NEW HAVEN, LLC and TRELLEBORG COATED SYSTEMS US, INC., | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 1/7/2021 |
| Plaintiffs, | 1:15-cv-3411-GHW |
| -v - | ORDER |
| YKK CORPORATION, YKK HONG KONG LTD., YKK FASTENING PRODUCTS SALES INC., SHANGHAI YKK ZIPPER CO., LTD., SHANGHAI YKK TRADING CO., LTD., YKK CANADA INC., YKK TAIWAN CO., LTD., P.T. YKK ZIPPER INDONESIA, YKK BANGLADESH PTE. LTD., YKK KOREA CO., LTD., YKK FRANCE SARL, DALIAN YKK ZIPPER CO., LTD., YKK VIETNAM CO., LTD., YKK DEUTSCHLAND GMBH, YKK (THAILAND) CO., LTD., YKK (U.K.) LTD., YKK ZIPPER (SHENZHEN) CO., LTD., YKK AUSTRIA GMBH, YKK ITALIA S.P.A., OOO YKK a/k/a YKK RUSSIA, YKK METAL VE PLASTIK URUNLERI SANAYI VE TICARET A.S., and YKK (U.S.A.) INC. | |
| Defendants. | |

-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

During the September 21, 2020 teleconference regarding the parties' motions in limine, the Court granted a limited one-sided extension of the fact discovery deadline to permit Plaintiffs to depose Messrs. Blunt, Dwyer, Hoeferlin, and Law. *See* Sept. 21, 2020 Hearing Tr. 37:23-38:20. Plaintiffs now move for an order regarding Mr. Blunt's deposition, and request that the Court direct Defendants to produce certain documents in advance of Mr. Blunt's deposition, and that Defendants be prohibited from using Mr. Blunt's deposition testimony at trial and from conducting any deposition cross-examination of Mr. Blunt. Plaintiffs' Motion for Order re: Deposition of Michael Blunt ("Mot."), Dkt. No. 711. Defendants opposed the motion on December 11, 2020. YKK's Opposition to Plaintiffs' Motion for Order re: Deposition of Michael Blunt ("Opp."), Dkt.

No. 721. Plaintiffs replied on December 14, 2020. Dkt. No. 724. For the reasons set forth below, Plaintiffs' motion is denied without prejudice.

First, the Court denies without prejudice Plaintiffs' request that the Court order Defendants to produce discovery as to Mr. Blunt prior to his deposition. Plaintiffs have requested the following documents:

> 1. For the period beginning on the date on which Blunt's employment with YKK ended to the present, all written communications between Blunt and YKK concerning this action and all documents concerning any oral communications between Blunt and YKK concerning this action (including any agreements, proposed or finalized, between Blunt and YKK for Blunt to testify live at trial); and
> 2. Those documents which most concisely state any positions ever held with YKK by Blunt, and those documents which most concisely state the responsibilities and authority associated with each such position.

Mot. at 2.

The Court's September 21, 2020 decision only reopened discovery for the limited purpose of permitting Plaintiffs to conduct additional depositions, not to serve additional requests for production of documents. *See* Sept. 21, 2020 Hearing Tr. 44:22-23 ("[T]he ruling is limited to permitting depositions of each of these individuals."), 45:17-19 ("I want to make it clear that, at this point, my ruling is just to permit the depositions of these people and not to reopen plenary discovery . . . ."). The Court clearly stated that, while it was not closing the door to a later request to reopen discovery beyond the limited depositions, it "would need a little bit more, perhaps even substantially more, . . . to conclude that, in addition to the depositions, that [it] would reopen discovery on a broader basis[.]" *Id.* at 45:11-14. The Court invited the parties to present it with additional information in connection with any such a request. Furthermore, in response to Plaintiffs' counsel's statements that they would seek to request additional documents regarding Mr. Blunt, *id.* at 41:19-42:4, Defendants' counsel responded "they already have the documents with Mr. Blunt's name as part of the YKK document production. So that one seems relatively easy, and I'm happy to work with Mr. Daniels to make that happen." *Id.* at 42:19-23.

2

Plaintiffs did not seek leave from the Court to propound their additional document requests on Defendants and Mr. Blunt. To be clear, the Court has not closed the door to permitting broader discovery. But Plaintiffs have not complied with the Court's direction that, if they wished to seek additional documents, they must first explain why the limited discovery ordered by the Court is insufficient. And, it is not clear based on Plaintiffs' submissions why they need documents outside of the thousands related to Mr. Blunt already produced by Defendants. *See* Opp. at 4. In addition, the Court declines to make a far-reaching determination on whether any anticipated documents are protected by attorney-client privilege or the work-product doctrine without any documents in front of it. Therefore, Plaintiffs' request for an order directing Defendants to respond to their document requests is denied.

Second, Plaintiffs' request that "this Court [ ] order that, other than proper deposition cross-designations, (1) YKK cannot use any of Blunt's deposition testimony at trial regardless of the reason why Blunt subsequently may not testify live and (2) YKK cannot conduct any deposition cross-examination of Blunt" is denied without prejudice. *See* Mot. at 3. This request runs straight into the teeth of Federal Rule of Civil Procedure 32(a)(4), which expressly permits parties to use deposition testimony at trial if the witness is unavailable for various reasons, including "age, illness, [or] infirmity" or, if, on motion and notice, "exceptional circumstances make it desirable[.]" Fed. R. Civ. P. (32)(a)(4)(C), (E). We are in the midst of a global pandemic, and it is still uncertain how issues related to COVID-19 will impact the trial in this case. The current crisis has only increased the likelihood that witnesses may not be available for live testimony. As stated on the record during the September 21, 2020 conference, the Court expressly decided against excluding Mr. Blunt's testimony. *See* Sept. 21, 2020 Hearing Tr. 37:19-38:5 ("Balancing all of the *Design Strategy* factors, and recognizing that the exclusion of evidence is the less favored solution, I'm not going to preclude the testimony of Messrs. Blunt Dwyer, Hoeferlin, and Law under 37(c)(1). I believe that a lesser

sanction is appropriate here."). Instead, the Court determined that Defendants should be sanctioned by permitting Plaintiffs to depose Mr. Blunt at Defendants' expense. Therefore, given the uncertainty of how the global pandemic will impact the availability of live witnesses, and that Defendants have been permitted to present Mr. Blunt's testimony at trial, at this time, the Court declines to adopt a blanket prohibition against Defendants' use of Mr. Blunt's deposition testimony at trial.

Under Federal Rule of Civil Procedure 30(c)(1), Defendants are entitled to cross-examine a witness deposed by Plaintiffs. "The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). As stated above, based on the current circumstances, it is uncertain as to whether Mr. Blunt will be available to provide live testimony at trial. Defendants are permitted to preserve his testimony, as provided under Rule 30(c). Therefore, the Court declines to prohibit Defendants from conducting an examination of Mr. Blunt during his deposition.

By reading additional limitations into the Court's comments during the September 21, 2020 hearing, Plaintiffs effectively seek to have the Court reconsider its prior ruling. The Court declines to do so. If Defendants seek to introduce Mr. Blunt's deposition at trial and Plaintiffs feel that such use would be in violation of Rule 32, they are invited to renew their motion at that time.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 711.

SO ORDERED.

Dated: January 7, 2021

_____
GREGORY H. WOODS
United States District Judge