UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2021
```

# MEMORANDUM ENDORSED

AU NEW HAVEN, LLC, and TRELLEBORG
COATED SYSTEMS US, INC.,

                              Plaintiffs,

     v.

YKK CORPORATION, et al.,

                              Defendants.

Civil Action No. 15-CV-03411 (GHW) (SN)

NOTICE OF MOTION AND
MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION TO FILE
EXHIBITS UNDER SEAL

PLEASE TAKE NOTICE that Defendants YKK Corporation *et al* (collectively "YKK") will move this Court, before the Honorable Gregory H. Woods at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for an order to file under seal Exhibit C submitted in connection with Plaintiffs' Memorandum of Law in Support of Plaintiffs' Fed. R. Evid. 1006 Trial Exhibits Per ECF No. 625 and for such other and further relief as this Court may deem just and proper.

## LEGAL STANDARD

Confidential information about third parties, in this case YKK's customers, is the type of information that "overcomes the presumption of public disclosure." *Dodona I, LLC v. Goldman, Sachs & Co.,* 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015). In addition, a party's interest in preserving competitively sensitive business operations is another example of the type of information that merits sealing. *See In re. Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's

1

competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *cf.* Fed. R. Civ. P. 26(c)(1)(G) (authorizing protective orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. 2013) (district court abused its discretion by denying request to seal confidential financial information). Finally, sealing information to "honor contractual confidentiality commitments to some other non-participants in this litigation" is also appropriate. *Fitzpatrick v. American Intern. Group, Inc.,* No. 10 CIV. 142 (MHD), 2012 WL 5838194 *1 (S.D.N.Y. Oct. 25, 2012).

This Court has maintained sealing documents that "contain proprietary, competitively sensitive business information or are related to internal procedures, the disclosure of which would put [the moving party] at a competitive disadvantage." *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 14 CIV. 09764 (KPF) (SN), 2018 WL 739580, *19 (S.D.N.Y. Jan. 10, 2018); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.,* 347 F. App'x 615, 617 (2d Cir. 2009) (upholding a decision that held that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 CIV. 6100 (PKC), 2012 WL 3114855, *16 (S.D.N.Y. July 31, 2012) (identifying documents that "[t]he parties may file … under seal because they include confidential business information—market forecasts, sales, inventory management, profit margins, etc.—the disclosure of which would cause competitive harm"); *Tropical Sails Corp. v. Yext, Inc.*, No. 14 CIV. 7582 (JFK), 2016 WL 1451548, *4 (S.D.N.Y. Apr. 12, 2016) (ordering redactions where counsel "identifies specific harm that Yext will suffer if these materials are disclosed to … its competitors").

**ARGUMENT**

As an initial matter, Exhibit C comprises either exact copies of or modifications to Plaintiffs trial exhibits that the Court received in connection with the Pre-Trial Order. The parties did not file their trial exhibits on the public docket at that time and YKK asks that this compendium of Plaintiffs trial exhibits be treated the same way—confidentially until trial.

A lower presumption of access applies to material that has little to no role to play in the Court's exercise of its judicial authority. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)); *Saleem v. Corp. Transp. Grp., Ltd.*, No. 12 CIV. 8450 (JMF), 2013 WL 6061340, *8 (S.D.N.Y. Nov. 15, 2013) (granting motion to seal Exhibits containing personal and financial information because "the Court did not rely on information from [the exhibits] in rendering its decision on the instant motion. Thus, the value of the information to those monitoring the federal courts is low."). Exhibit C was submitted to the Court in connection with an evidentiary dispute, not for an adjudication of the merits of any claim or defense.

In addition, Exhibit C contains a wide range of confidential information from YKK and third parties that justifying treating this exhibit confidentially. For example, the third-party sales information on pages 3-5, 8-10, 15-162, 185, and 230-240 of Exhibit C relate to purchases made by third parties and thus conveys confidential information about the business of these third parties. This sales data would also cause YKK competitive harm should any of the dozens of

other water resistant zipper manufacturers see these details. With this information, YKK's competitors would be able to develop and tailor their marketing and sale strategies to specifically target YKK's customers for these types of zippers. *See* Dkt 595, February 19, 2020 Smith Declaration ("Smith Decl.") ¶ 2; *see also* Dkt 596, C.J. King Declaration ("King Decl.") ¶ 3-4. In addition, YKK has made a commitment to keep the information of its customers confidential. Smith Decl. ¶ 3.

Pages 1-2, 6-7, 11-14, 163-169, 172, 175-177, 179-181, 188-230 of Exhibit C contains YKK's financial information. These spreadsheets show YKK annual product line revenue, gross profit, and gross margin data. For the reasons outlined in the Smith Declaration, providing YKK's competitors access this information would allow those competitors to undercut YKK on price potentially causing YKK to lose customers and give YKK's competitors an unfair advantage in marketplace competition. *Id.* ¶¶ 4-5.

For all of these reasons, YKK respectfully requests that the Court maintain Exhibit C under seal.

Dated: November 6, 2020

Respectfully submitted,

By: */s/ Steven Cherny*
Steven Cherny
Harvey J. Wolkoff
Deborah K. Brown
Brian P. Biddinger
Kate Cassidy
Owen F. Roberts
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel.: (212) 849-8700
Fax: (212) 849-7100
stevencherny@quinnemanuel.com
harveywolkoff@quinnemanuel.com
deborahbrown@quinnemanuel.com

4

brianbiddinger@quinnemanuel.com
katecassidy@quinnemanuel.com
owenroberts@quinnemanuel.com

Russell A. Korn
Michael A. Bertelson
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE Suite 2800
Atlanta, Georgia 30309-4528
Tel.: (404) 815-6500
Fax: (404) 815-6555
rkorn@kilpatricktownsend.com
mbertelson@kilpatricktownsend.com

*Attorneys for Defendants*

Application granted in part and denied in part. In Mirlis v. Greer, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. See 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." Id. (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" Id. (quoting United States v. Erie Cty., 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" Id. (quoting Amodeo, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." Id.

Having evaluated these factors, the motion to seal is granted in part and denied in part. The document may remain sealed until trial. The Court expects to order it unsealed at trial. The document is a judicial document. The weight of the presumption prior to trial is low. At trial, however, when the evidence is expected to be introduced on the public record, the weight will be very high. While the factors that counsel against disclosure counsel against disclosure described in this application outweigh the public's interest in disclosure of the sealed record prior to its use at trial, they will no longer do so when the evidence is presented in open court. As a result, the document may remain under seal until the commencement of trial. At trial, the Court expects to order the unsealing of any documents or evidence that will be placed on the public record at trial.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 696.

SO ORDERED.
Dated: September 25, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge

5