UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| AU NEW HAVEN, LLC, and<br>TRELLEBORG COATED SYSTEMS US, INC., | : | Civil Action No.<br>15-CV-03411-GHW-SN |
| Plaintiffs, | : | |
| v. | : | |
| YKK CORPORATION et al., | : | |
| Defendants. | : | March 10, 2022 |

---

**PLAINTIFFS' SUPPLEMENTAL BRIEF
RE: DEPOSITION TESTIMONY OF MICHAEL BLUNT
IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO LIMIT TESTIMONY
OF EXPERT JAMES DONOHUE (ECF Nos. 648 & 649)** [1]

In Uretek's previously filed opposition to YKK's motion to exclude the Lanham Act damages testimony of James J. Donohue (ECF No. 682), Uretek explained (1) why YKK's motion procedurally did not constitute a motion *in limine* allowed by ECF No. 625 (*see, e.g.,* Rule 3.F. of this Court's Individual Rules of Practice in Civil Cases, "Motions to exclude testimony of experts must be made by the deadline for motions for summary judgment and should not be treated as motions *in limine*")[2], (2) that YKK's motion was simply the re-litigation of prior YKK motions which already had been denied by both Magistrate Judge Netburn and this Court (*see* ECF No. 419 at 46-50, ECF No. 425 at 32-36, and ECF No. 611 at 17-19), (3) that a jury permissibly could find that Uretek is entitled to a Lanham Act presumption of injury and consumer confusion under binding Second Circuit precedent, and (4) that ample circumstantial and/or direct admissible evidence exists in any event to support a jury's award of Lanham Act

---

[1] Capitalized terms have the same meaning as in Uretek's earlier related briefing.

[2] The instant supplemental brief is being filed without waiving this procedural objection.

damages consistent with, *inter alia*, Unites States Supreme Court, Second Circuit, and Southern District of New York precedent (*see* ECF No. 368-3 at ¶¶ 136-152, ECF No. 589 at 19-21, ECF No. 590-130, ECF No. 590-131, ECF No. 590-147 , ECF No. 591 at ¶¶ 831-816, 820 & 844, PX-115, and PX-118).

With respect to the fourth ground described above, Uretek expressly noted in its opposition that Uretek expected additional relevant evidence to be obtained during the then upcoming January 27, 2021, deposition of Michael Blunt, the former president of YKK (U.S.A.), Inc. whom YKK belatedly disclosed as a person with relevant factual knowledge. The deposition testimony of Mr. Blunt collectively attached hereto as Exhibit A (cited below as "Blunt Tr. ____", including, in pertinent part, the referenced Blunt Deposition Exhibits 25, 28, 30, 33 and 34, which respectively correspond to Uretek's trial exhibits PX-79A, 79D, 79F, 79T, and 79U) further would support a jury finding, *inter alia*, (1) that the YKK sales flyers containing YKK's misrepresentations about YKK allegedly having the exclusive right to manufacture the patented zippers were widely disseminated in various forms to YKK's so-called Excluded Market customers, (2) that such communications were made as part of YKK's sales efforts for the express purpose of convincing YKK's Excluded Market customers to buy those YKK zippers laminated by YKK rather than those YKK zippers laminated by Uretek, and (3) that YKK's Excluded Market customers were deceived into believing that YKK, in fact, had the legal right to sell such YKK-laminated zippers to YKK's Excluded Market customers -- all actionably diverting sales of Uretek-laminated zippers to sales of YKK-laminated zippers at Uretek's expense and thereby causing Uretek to suffer tens of millions of dollars in Lanham Act lost profits damages.

More particularly, Mr. Blunt testified as follows with respect to those YKK advertisements which contained YKK's undeniably false statement that "YKK has the exclusive right to manufacture, use, sell and import zippers incorporating this water repellent technology"[3]:

1. With respect to Blunt Deposition Exhibit 25 (PX-79A, file named "PU zipper flyer (general).pdf"), that document was (a) a YKK "promotional flyer," (b) similar to "many documents like this" which YKK has, (c) "used to help salespeople sell to customers," and (d) "perhaps" given out at trade shows and sent to YKK's customers by e-mail and regular mail (Blunt Tr. 114:11-15 & 115:8-23);

2. With respect to Blunt Deposition Exhibit 28 (PX-79D, file named "AquaGuard series 2006.xls"), that document was (a) a "promotional" document, (b) among "many product catalogues and flyers that were developed by YKK from [YKK's] marketing department," and (c) a color card which generally would be provided to customers (Blunt Tr. 121:4, 121:20-22 & 122:13-15);

3. With respect to Blunt Deposition Exhibit 30 (PX-79F, file named "AquaGuard.pdf"), that document was (a) distributed at outdoor shows, (b) a "sales promotional flyer," and (c) within Bryan Shibata's marketing area responsibilities to circulate to the various YKK companies worldwide "to help promote [YKK's] product for sales" (Blunt Tr. 127:8-14 & 127:20-128:9);

4. With respect to Blunt Deposition Exhibit 33 (PX-79T, file named "AquaGuard 09-04-03.pdf"), that document was (a) "flyer" (b) within the responsibility of YKK's customer support or sales representatives to send out "to customers to aid in them selecting, choosing [YKK] products for their products" (Blunt Tr. 132:19-23, 133:19-134:1 & 134:18-135:5); and

5. With respect to Blunt Deposition Exhibit 34 (PX-79U, file named "YKK flyer Aqua Guard 2.pdf"), YKK's sales representatives within their responsibilities "would often communicate, send flyers, pricing, information to aid in [YKK's] customers selection of [YKK] products" (Blunt Tr. 135:23-24 & 136:14-24).

This testimony supports a jury finding, as a matter of YKK's routine sales activities, (1) that YKK intentionally told its customers, including YKK's Excluded Market customers, that YKK had not only the right, but the exclusive right, to sell the marketed water resistant zippers,

---

[3] To the extent Mr. Blunt was, to any degree, equivocal in his confirmation of the subject information, the jury certainly is free to reject, within its province of assessing each witness's credibility, any such equivocation.

(2) that these false advertisements regularly were distributed by many YKK representatives via many channels to YKK's global customers, including YKK's Excluded Market customers, and (3) that the intent of these continued marketing activities was to convince YKK's customers, including YKK's Excluded Market customers, to purchase the YKK-laminated water resistant zippers. Mr. Blunt's testimony, taken together with all the other record evidence already cited to the Court by Uretek, supports a jury finding that YKK itself believed these tactics were successful in diverting Excluded Market sales of Uretek-laminated zippers to Excluded Market sales of YKK-laminated zippers and that these tactics, in fact, were so successful.

      Thus, the attached deposition testimony of Mr. Blunt further requires the denial of YKK's motion to the extent the substance of such motion again is considered by this Court.

PLAINTIFFS AU NEW HAVEN, LLC, and
TRELLEBORG COATED SYSTEMS US, INC.

By: *s/*
Brian P. Daniels (pro hac vice)
Sean M. Fisher (SF0251)
David R. Schaefer (pro hac vice)
Michael T. Cretella (pro hac vice)
BRENNER, SALTZMAN & WALLMAN LLP
271 Whitney Avenue
New Haven, CT 06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: bpdaniels@bswlaw.com
Email: dschaefer@bswlaw.com
Email: sfisher@bswlaw.com
Email: mcretella@bswlaw.com

Norman H. Zivin
nzivin@wolfgreenfield.com
Tonia A. Sayour
tsayour@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
605 Third Avenue
New York, NY 10158
212.849.3341 Phone
617.646.8646 Fax

Michael A. Albert
malbert@wolfgreenfield.com
Emma L. Frank
efrank@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2022 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

*s/*
Brian P. Daniels (pro hac vice)

11C3855.doc