UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AU NEW HAVEN, LLC, and TRELLEBORG COATED SYSTEMS US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> YKK CORPORATION, et al., <br><br> Defendants. | Civil Action No. 15-CV-03411 (GHW) <br><br> **YKK'S FURTHER RESPONSE IN SUPPORT OF YKK'S MOTION IN LIMINE NO. 15 TO LIMIT TESTIMONY OF EXPERT JAMES DONOHUE BEFORE THE JURY** |

Plaintiffs' Supplemental Memorandum of Law (Dkt 799) In Opposition to Defendant's Motion in Limine No. 15 (Dkt 648) to Limit Testimony of Expert James Donohue ("Supplemental Brief") is untimely. The deposition of Michael Blunt took place on January 27, 2021. Plaintiffs provide no reason why they waited more than a year to bring their motion to supplement. All Plaintiffs say is that they informed the Court of their intent to submit additional material from the Blunt deposition. But that was on October 20, 2020. Dkt 682 p. 15. During Plaintiffs' delay, the motion to which their Supplemental Brief allegedly relates was terminated by the Court on September 27, 2021. Dkt 789.

Regardless, Plaintiffs' new arguments are deficient. Plaintiffs purport to supplement the briefing record with "evidence" to support their Lanham Act damages theory. As YKK pointed out in its briefing on this motion, that theory is not supported by evidence that connects the sole surviving statement to sales of T8, T9, or T10 zippers, nor is there any evidence that YKK's 3,000+ customers saw and changed their purchasing decisions as a result of the statement. *See* Dkt 649; 703.

Plaintiffs now argue that Mr. Blunt's deposition testimony fills that gap. They point to Mr.

1

Blunt's deposition testimony on five exhibits: Dep. Exs. 25, 28, 30, 33 and 34. Dkt 799 at 3. But, Plaintiffs fail to disclose that Mr. Blunt testified that he ***had not seen*** the flyers that contain the single remaining statement that forms the basis of Plaintiffs' Lanham Act claim and could only ***speculate*** as to what YKK did with those flyers and who saw them. Ex. A, Blunt Tr. 221:17-222:10 (Q. With respect to those specific customer flyers and notices that you were shown today do you know anything about those specific flyers that you could share with us? A. Nothing more than I have probably have already answered. We made many flyers over a period of time. Those specific ones again, I don't recall. Q. And with respect to those specific flyers, do you know who those flyers were specifically sent to, if anybody? A. They were general, looks like, marketing documents. Again, I don't know who was responsible for sending them where."); *see also* Tr. 49; 113; 115; 120-121; 125; 134-135.

Therefore, far from supporting Plaintiffs' Lanham Act damages claim, Mr. Blunt's cited testimony is irrelevant and inadmissible for lack of foundation. And Mr. Blunt's testimony has no bearing on Mr. Donohue's opinions either. Mr. Blunt's deposition was taken after expert discovery closed, so as a matter of timing, Plaintiffs' argument that Donohue's opinions are supported by Mr. Blunt's deposition testimony doesn't work. Plaintiffs never sought leave to re-open expert discovery and Donohue never sought to supplement his report with any of Mr. Blunt's deposition testimony. Therefore, the Blunt testimony cited in Plaintiffs' Supplemental Brief has nothing whatsoever to do with Donohue's opinions. But Donohue could not rely on Mr. Blunt's deposition testimony in any event since expert opinion based on speculation and conjecture is not admissible under Federal Rule of Evidence 702. *See e.g., Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) ("an expert's opinions that are without factual basis and are based on speculation or conjecture" are inadmissible).

For example, Mr. Blunt testified that he had no responsibilities for the sales of T8, T9, or T10 zippers when he worked at YKK. Tr. 49:17-19 ("Did you have any responsibilities for sales of T8, T9 or T10 zippers? A. None whatsoever."). This is not surprising given that Mr. Blunt worked exclusively in the United States and, therefore, with respect to water-resistant zippers, was solely responsible for the T4 and T5 products. Tr. 12:15-15:4; 107:14-15. Mr. Blunt also could not recall, and in a number of cases had never before seen, the documents referenced in Plaintiffs' Supplemental brief.

As far as the specific exhibits pointed to by Plaintiffs: When asked about whether he received **Exhibit 25**, Mr. Blunt testified "I don't recall. This is many years ago. We get many flyers. But I don't recall specifically receiving this, no." Tr. 113:7-9. Despite there being no basis to question Mr. Blunt further on the document, Mr. Blunt was then asked a series of "Do you see that" type of questions.[1] When asked whether "these types of promotional flyers" would be given out at trade shows or sent to customers, Mr. Blunt had no personal knowledge of such occurrences and could only guess "perhaps." Tr. 115:18-23 (Q. So would these be given out at the trade shows? A. Perhaps. Q. Would they be sent to YKK's customers by E-mail or regular mail? A. Perhaps.")).

For **Exhibit 28**, Mr. Blunt testified that he did not remember seeing the document before:

> Q. And while you were employed with YKK did you see promotional flyers like this for the T8, T9 and T10 zippers?
>
> A. I don't remember. I mean obviously we have marketing material. I can't tell you specifically what was on each document. These were many years ago. When was this, 2006? I can't tell you what specifically was on this document.

---

[1] The Court has previously reminded counsel that "merely reading the text of a document into the record and asking the witness to confirm that it is being recited properly, without establishing that the witness has personal knowledge of that document, is plainly insufficient" and that permitting such testimony at trial would be an abuse of discretion. Dkt 626 at 61:23-62:5.

> ****
>
> Q. And would these types of documents be sent to customers in connection with them purchasing YKK AquaGuard series zippers?
>
> A. Again, perhaps. I was not involved in selling T8 products. There are many product catalogues and flyers that were developed by YKK from our marketing department. I can't tell you which ones were used for what, if that was your question.
>
> Tr. 120:19-121:2; 121:15-24.

Mr. Blunt had not seen **Exhibit 30** at all before the deposition. Nevertheless, Plaintiffs' counsel asked him to guess as to how and when the document was used. Mr. Blunt explained "I am confirming what [Plaintiffs' counsel] is pointing out to me. But it has no merit to me. This is not addressed to me." Tr. 125:18-20. Similarly, for **Exhibit 33**, Mr. Blunt was asked a series of "do you see that?" questions. Ultimately, Mr. Blunt explained YKK would send many flyers or brochures to customers to help them select YKK products for their products but as to "[t]his particular one, again, I can't specify…" Tr. 134:24-135:4. Finally, for **Exhibit 34**, Mr. Blunt had never seen the exhibit before his deposition. Tr. 135:6-13.

Given Mr. Blunt's lack of knowledge of these documents and YKK's sales practices as to T8, T9, and T10 generally, the cited testimony does not support Plaintiffs' Opposition to YKK's Motion in Limine No. 15.

Dated: March 16, 2022                    Respectfully submitted,

                                         By: *Steven Cherny*
                                         Steven Cherny
                                         Deborah K. Brown
                                         Owen Roberts
                                         QUINN EMANUEL URQUHART
                                           & SULLIVAN LLP
                                         51 Madison Avenue, 22nd Floor
                                         New York, New York 10010
                                         Tel.: (212) 849-8700

Fax: (212) 849-7100
stevencherny@quinnemanuel.com
deborahbrown@quinnemanuel.com
owenroberts@quinnemanuel.com

Russell A. Korn
Michael A. Bertelson
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE Suite 2800
Atlanta, Georgia 30309-4528
Tel.: (404) 815-6500
Fax: (404) 815-6555
rkorn@kilpatricktownsend.com
mbertelson@kilpatricktownsend.com

*Attorneys for Defendants*