```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                :
AU NEW HAVEN, LLC, *et al.*,                    :
                                                :
                               Plaintiffs,      :     1:15-cv-3411-GHW
                                                :
                  -v -                          :     ORDER
                                                :
YKK CORPORATION, *et al.*,                      :
                                                :
                               Defendants.      :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

The Court has reviewed the parties' joint letter regarding the upcoming trials in this case, Dkt. No. 833, and hereby sets the following dates for the upcoming trial on the meaning of "high end outerwear" (the "HEO trial"):

- **October 31, 2022 by 5:00 p.m.:** The parties[1] indicate which, if any, of their presently filed motions in limine must be decided in advance of the HEO trial. The parties exchange full lists of the exhibits and witnesses they intend to use at the HEO trial.[2]

- **November 4, 2022 by 5:00 p.m.:** The parties exchange revised stipulations of fact, proposed verdict forms, short descriptions of the case, and jury instructions. Plaintiffs serve draft Second Revised Joint Pretrial Order.

- **November 10, 2022 by 5:00 p.m.:** Parties exchange objections to exhibits and deposition designations and exchange deposition counter-designations. Defendants serve redline of Second Revised Joint Pretrial Order. Parties exchange objections, if any, to designated motions in limine on relevance grounds.

- **November 14, 2022:** Parties exchange objections to deposition counter-designations.

- **November 18, 2022:** Parties file Second Revised Joint Pretrial Order.

- **December 15, 2022, at 9:00 a.m. (Courtroom 12C, 500 Pearl Street, New York, NY 10007):** Final pretrial conference.

- **January 23, 2023 at 9:00 a.m. (Courtroom 12C, 500 Pearl Street, New York, NY 10007):** HEO trial begins.

---

[1] The Court recognizes that Plaintiffs have indicated that none of their motions in limine need be decided in advance of the first trial. *See* Dkt. No. 833 at 3. It nonetheless gives both parties an opportunity to respond to this instruction by October 31, 2022.

[2] For the sake of clarity, the Court notes that through this final instruction, it does *not* permit the parties to include an exhibit or a witness on their list that was not previously designated as an exhibit or witness prior to bifurcation.

- **March 6, 2023 at 9:00 a.m. (Courtroom 12C, 500 Pearl Street, New York, NY 10007):** Second trial begins.[3]

Finally, the parties have raised a dispute regarding the selection of interpreters in this case. *See* Dkt. No. 833 at 7–9. The Court first notes that when it "strongly encourage[d]" the parties to "work with the court interpreters office to identify [an interpreter] well in advance of trial," Dkt. No. 621 at 51:7–9, that was not an order limiting the parties to select only interpreters from that office. Instead, the Court made that comment with an eye towards the fact that any interpreter used must be qualified to practice in federal court—which describes interpreters known to the interpreters' office, but also others. The Court accordingly permits Defendants to retain its own interpreter for its witnesses, but encourages Defendants to confer with the interpreters' office in advance of trial to ensure the interpreter is adequately qualified. To fully address the dispute between the parties, however, the Court hereby **orders the parties to write a letter to the Court no later than October 27, 2022**, addressing two issues:

1. Whether, assuming that only Defendants' witnesses will require interpretation services,[4] it is Defendants' position that Plaintiffs must retain their own interpreter for cross-examination, or whether Defendants' position is instead that Defendants' chosen interpreter will be made available for cross-examination, and

2. Whether the parties believe, given the anticipated number of witnesses in need of Japanese-to-English interpretive services, and given the anticipated length of those witnesses' testimony, that one interpreter would be sufficient, or whether it would be advisable to have two interpreters.

SO ORDERED.

Dated: October 24, 2022
New York, New York

GREGORY H. WOODS
United States District Judge

---

[3] The Court will set dates for pretrial motions for the second trial after the HEO trial's completion.
[4] The parties should correct this assumption if it is erroneous.