IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AU NEW HAVEN, LLC, and TRELLEBORG COATED SYSTEMS US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> YKK CORPORATION ET AL., <br><br> Defendants. | Civil Action No. 1:15-cv-03411-GHW-SN <br><br> June 2, 2023 |

## PLAINTIFFS' MOTION TO EXCLUDE CERTAIN EXPERT OPINIONS OF PAUL K. ARNTSON, LAUREN R. KINDLER AND RANDY MEIROWITZ

For the reasons set forth in the supporting memorandum of law filed simultaneously herewith, Plaintiffs hereby move to exclude various opinions of Defendants' expert witnesses Paul K. Arntson ("Arntson"), Lauren R. Kindler ("Kindler") and Randy Meirowitz ("Meirowitz"), more specifically as follows:

A. The new high end outerwear ("HEO") opinions of Arntson and Kindler must be precluded because they do not map onto the January 2023 jury verdict determining the meaning of HEO as intended by the parties to the February 2002 Exclusive License Agreement ("ELA"). *See* ECF 918 ( "HEO Verdict").

B. The HEO opinions of Arntson and Kindler must be precluded because they directly contradict the HEO Verdict.

C. Submitting the HEO opinions of Arntson and Kindler to the second jury would violate Plaintiffs' Seventh Amendment jury trial rights.

D. Arntson's opinions regarding what a hypothetical manufacturer may have done are pure speculation and must be precluded.

E. Arntson's and Meirowitz's opinions regarding allegedly acceptable, non-infringing alternatives to the Accused Zippers for use in HEO as now defined must be precluded as not based on sufficient facts or data.

F. Arntson's and Kindler's opinions regarding undisclosed alleged alternative zippers other than the three Alleged Alternatives must be precluded.

G. Arntson and Kindler must be precluded from testifying about information provided by YKK which did not constitute a basis for their opinions and/or as to which they did not disclose any independent investigation or analysis.

H. Arntson's (and derivatively Kindler's) opinions about "luggage" and "sports bags" must be precluded as inadmissible expert testimony.

I. All opinions and testimony concerning or based on Plaintiffs' alleged failure to pursue third-party infringers must be precluded.

J. All opinions of Arntson and Kindler based upon, and all evidence of and arguments related to, the parties' pre-HEO Verdict positions concerning the definition of "high end outerwear" must be precluded.

K. Kindler must be precluded from expressing any opinions, or providing any trial testimony, on any topics as to which Kindler is not an expert.

L. Kindler must be precluded from testifying as to Figure 1 of Kindler's supplemental report.

M. Kindler's newly disclosed opinions that any damages for YKK's false advertising should be in the form of a reasonable royalty must be precluded as untimely.

For those same reasons, Plaintiffs' motion should be granted in its entirety.

Respectfully submitted,

By: /s/ *Brian P. Daniels*
    Brian P. Daniels (pro hac vice)
    Michael T. Cretella (pro hac vice)
    BRENNER, SALTZMAN & WALLMAN LLP
    271 Whitney Avenue
    New Haven, Connecticut 06511
    Tel.: (203) 772-2600
    Fax: (203) 562-2098
    Email: bpdaniels@bswlaw.com
    Email: mcretella@bswlaw.com

    Norman H. Zivin (NZ-6053)
    nzivin@wolfgreenfield.com
    Tonia A. Sayour
    tsayour@wolfgreenfield.com
    WOLF, GREENFIELD & SACKS, P.C.
    605 Third Avenue
    New York, NY 10158
    212.849.3341 Phone
    617.646.8646 Fax

    Michael A. Albert
    malbert@wolfgreenfield.com
    Emma L. Frank
    efrank@wolfgreenfield.com
    WOLF, GREENFIELD & SACKS, P.C.
    600 Atlantic Avenue
    Boston, MA 02210
    617.646.8000 Phone
    617.646.8646 Fax

    *Attorneys for Plaintiffs AU New Haven,*
    *LLC and Trelleborg Coated Systems US, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 2, 2023, a copy of the foregoing was served electronically on all parties of record.

*/s/Brian P. Daniels*
Brian P. Daniels (pro hac vice)

11u2851.doc